FILED

2013 Feb-12  PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LEROY GIBSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.:  2:12-CV-1991-VEH-JEO** |
| | ) |
| SHERIFF DAVID ABSTON, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OF OPINION</u>

The magistrate judge filed a report December 10, 2012, recommending that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and (2), for failing to state a claim upon which relief can be granted and for seeking monetary damages against defendants who are immune from such relief.  On December 26, 2012, the plaintiff filed objections to the report and recommendation and sought leave to amend the complaint. (Doc. #16).  In his objections, the plaintiff seeks to add two new claims.  The court therefore treats the plaintiff's objections as a motion for leave to amend.

A motion for leave to amend is governed by Rule 15(a), FED.R.CIV.P., which provides that leave to amend pleadings "shall be freely given when justice so requires." *Id.*; *see also Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communica-*

*tions, Inc.*, 376 F.3d 1065, 1077 (11th Cir.2004) ("leave to amend must be granted absent a specific, significant reason for denial"). Such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir.1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed .2d 222 (1962)); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir.2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility). Although whether to grant leave to amend rests in the district court's discretion, Rule 15(a) "severely restricts" that discretion. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir.2005). Indeed, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors. *See, e.g., Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir.2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); *McKinley*, 177 F.3d at 1258 (opining that district court abused discretion in refusing to permit amendment where opposing party would not be prejudiced); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988) ("unless

there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial").

The first "amended" claim that the plaintiff seeks to assert is that the arresting officer, Charlie Mack, "failed to read or state to the plaintiff his Miranda warning." Doc. #16 at 5.  However, an alleged Miranda violation is not actionable under § 1983, but merely acts as a "prophylactic measure" to ensure the right of criminal defendants from self-incrimination. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). The plaintiff therefore cannot assert a claim in this action based upon the Officer Mack's alleged failure to read him his Miranda rights, and this proposed additional claim would be due to be dismissed.  Thus, adding this claim would be futile and the plaintiff's motion for leave to do so therefore is **DENIED**.

The plaintiff also attempts to assert a new claim alleging that he is being held under excessive bail. (Doc. #16, p. 8).  However, to the extent that he seeks monetary damages against the Judge who set the bail, his claim is without merit.  State court judges enjoy absolute immunity from damages claims with respect to actions committed within their jurisdiction. *Pierson v. Ray*, 386 U.S. 547 (1967).  This immunity applies even if judicial acts are done maliciously or corruptly.  *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985).  For a judge to lose immunity, the plaintiff would have to show that the judge acted "in the

clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). To the extent the plaintiff seeks release prior to trial, the proper avenue of relief would be a petition for writ of *habeas corpus* after exhausting all state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977). Such relief is not be appropriately sought in this action brought pursuant to 42 U.S.C. § 1983, and the claim therefore would be due to be dismissed. Thus, adding this claim would be futile and the plaintiff's motion for leave to do so therefore is also **DENIED**.

Furthermore, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, this action is due to be dismissed without prejudice for failing to state any claim upon which relief can be granted and for seeking monetary damages against defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). A Final Judgment will be entered.

**DONE** and **ORDERED** this the 12th day of February, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge